EAG:CMM
F.#2012R01619

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**13 MISC 312**

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :        APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE     :
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - x

        CATHERINE M. MIRABILE, an Assistant United States

Attorney for the Eastern District of New York, hereby applies to

the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d),

directing that within seven days Metro PCS (the "service

provider") disclose recorded information identifying the base

station towers and sectors that received transmissions from 347-

666-8140, a telephone issued by the service provider and used by

an individual named Darryl Allen (the "SUBJECT TELEPHONE"), at

the beginning and the end of calls or text message transmissions,

and the mobile switching center serving the SUBJECT TELEPHONE

during any calls or text message transmissions, for the periods

from May 17-19, 2012, June 21-23, 2012 and July 15-17, 2012

(collectively, "the HISTORICAL CELL-SITE INFORMATION").

        In support of this application I state the following:

        1.    I am an Assistant United States Attorney in the

Office of Loretta E. Lynch, United States Attorney for the

Eastern District of New York.  As such, I am a duly-authorized

representative of a "governmental entity" under 18 U.S.C.

§ 2703(c) and (d) and, as such, am authorized to apply for Orders

authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the Federal Bureau of Investigation (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Second, it is believed that an individual named Darryl Allen, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offense. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by providing information as to the location of Darryl Allen, and specifically, whether or not he has been in the vicinity of the area where the bank robberies in question occurred.

2

4.   Based upon discussions with a special agent of the
investigative agency, the government hereby sets forth the
following specific and articulable facts showing that there are
reasonable grounds to believe that the information sought is
relevant and material to an ongoing criminal investigation.  This
investigative agency is currently investigating the May 18, 2012,
June 22, 2012 and July 16, 2012 robberies of Chase Bank, located
at 68-20 Rockaway Beach Boulevard, Queens, New York.  On or about
October 16, 2012, Darryl Allen was arrested by members of the New
York City Police Department ("NYPD") for the May 18, 2012 and
June 22, 2012 robberies and, on October 17, 2012, he was
arraigned on a federal complaint, sworn to by a special agent
with the Federal Bureau of Investigation ("FBI"), charging the
defendant with those two bank robberies.  A copy of the Complaint
is attached and incorporated by reference.  On or about November
7, 2012, a grand jury sitting in the United States District Court
for the Eastern District of New York returned a two-count
Indictment against Darryl Allen, charging him with bank robbery
in violation of 18 U.S.C. §§ 2113(a) and (d).  See United States
v. Darryl Allen, No. 12-CR-693, Entry No. 6.  A copy of the
Indictment is attached and incorporated by reference.  In
addition, the NYPD Police Laboratory, Criminalistics Section
received copies of the demand notes used by the robber during the
May 18, 2012, June 22, 2012 and July 16, 2012 robberies.  A

handwriting expert of this unit analyzed these notes and determined that they were "associated to a common source." Upon information and belief, "associated to a common source" refers to a connection between two or more questioned robbery demand notes which exhibit similarities in verbiage, letter formation, arrangement, alignment or other individual feature. At the time of his arrest in October 2012, Darryl Allen informed law enforcement officers that his cell phone number was the SUBJECT TELEPHONE. Further, at the time of the May 2012, June 2012 and July 2012 robberies, Darryl Allen was on parole and being supervised by a New York State parole officer. Law enforcement agents obtained Darryl Allen's cell phone number from his parole officer; that number is the SUBJECT TELEPHONE. HISTORICAL CELL-SITE INFORMATION will help pinpoint if Darryl Allen was in the vicinity of the Chase Bank located at 68-20 Rockaway Beach Boulevard, Queens New York at or near the time of the robberies.

5. Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the periods from May 17-19, 2012, June 21-23, 2012 and July 15-17, 2012.

4

6. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:    Brooklyn, New York
           April 10, 2013

CATHERINE M. MIRABILE
Assistant United States Attorney
(718) 254-6055

5

JP:CMM

UNITED STATES DISTRICT COURT                    **12 ⸚⸚ 963**
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -                     C O M P L A I N T

DARRYL ALLEN,                                   (T. 18 U.S.C. §§ 924(c)
                                                 and 2113 (a),(b),and
            Defendant.               (d)).

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

       KEVIN PONDER, being duly sworn, deposes and states that

he is a Special Agent with the Federal Bureau of Investigations

("FBI"), duly appointed according to law and acting as such.

       Upon information and belief, on or about May 18, 2012

within the Eastern District of New York, the defendant DARRYL

ALLEN did knowingly, intentionally take by force, violence and

intimidation, from the person and presence of another, money

exceeding $1,000.00 belonging to and in the care, custody,

control, management and possession of a bank or other financial

institution, the deposits of which are insured by the Federal

Deposit Insurance Corporation.

       (Title 18, United States Code, Section 2113(a) and

(b)).

       Upon information and belief, on or about June 22, 2012

within the Eastern District of New York, the defendant DARRYL

ALLEN did knowingly, intentionally take by force, violence and

intimidation, from the person and presence of another, money
belonging to and in the care, custody, control, management and
possession of a bank or other financial institution, the deposits
of which are insured by the Federal Deposit Insurance
Corporation, and, in so doing, put in danger the life of a person
by the use of a dangerous weapon.

(Title 18, United States Code, Section 2113(d)).

Upon information and belief, on or about June 22, 2012,
within the Eastern District of New York, the defendant DARRYL
ALLEN did knowingly and intentionally use and carry a firearm
during and in relation to a crime of violence, to wit, a
violation of 18 U.S.C. § 2113(d).

(Title 18, United States Code, Section 924(c)).

The source of your deponent's information and the
grounds for his belief are as follows:[1]

1.   As further detailed below, on or about May 18,
2012, Chase Bank, located at 68-20 Rockaway Beach Boulevard,
Queens, New York, was robbed by a man, identified as the
defendant DARRYL ALLEN, of approximately $8,099.00 in United
States currency.

---

[1]     Because the purpose of this Complaint is to set forth
only those facts necessary to establish probable cause, I have
not described all the relevant facts and circumstances of which I
am aware.

3

2.   Specifically, the defendant DARRYL ALLEN entered
the bank at approximately 10:00 a.m. and approached a bank teller
window.  According to the bank teller, the defendant DARRYL ALLEN
approached the teller and placed a piece of paper in her teller
tray.  On the paper was written "DON'T ALERT NO ONE, I HAVE A
GUN."  After reading the note, the defendant DARRYL ALLEN stated
in substance "Do you understand?"; the defendant DARRYL ALLEN
further stated "You better not touch the alarm until I walk out
the door!"  The bank teller then started to comply with the
demand, and the defendant DARRYL ALLEN stated "More, more, more."
The bank teller handed the defendant DARRYL ALLEN approximately
$8,099.00 in United States currency.  The defendant DARRYL ALLEN
then left the bank; as the defendant DARRYL ALLEN left the bank
he dropped various items of clothing that he was wearing,
including but not limited to a dark-colored baseball hat.  Once
the defendant DARRYL ALLEN left the bank, a bank employee called
911.

3.   The bank teller described the defendant DARRYL
ALLEN as a male black, in his late 30s, approximately 5'6" tall,
approximately 190-200 pounds, with facial hair in patches on his
cheeks, wearing a baseball hat, black sunglasses, blue jeans, a
blue hooded sweatshirt with the hood down, and an orange and
yellow reflective construction vest that was bulky in the stomach
area.  Another bank employee provided a similar description,

4

noting that the defendant was a black male, approximately 5'8"
tall with a slim build.

4. As further detailed below, on or about June 22,
2012, Chase Bank, located at 68-20 Rockaway Beach Boulevard,
Queens, New York, was robbed by a man, identified as the
defendant DARRYL ALLEN, armed with a handgun, of approximately
$2,309.00 in United States currency.

5. Specifically, the defendant DARRYL ALLEN entered
the bank at approximately 10:40 a.m. and walked up to the teller
counter and yelled "Hey." According to the bank teller, the bank
teller recognized the defendant DARRYL ALLEN as the individual
who had robbed the bank using a demand note approximately one
month ago. According to the bank teller, the defendant DARRYL
ALLEN slid a note to the bank teller, who would not read it and
attempted to walk away. On the note was written "I HAVE A GUN I
WILL USE IT." The defendant DARRYL ALLEN yelled in substance
"Give me the money" and stated "I have a gun." The defendant
DARRYL ALLEN then displayed a black firearm, which he took from a
black bag. The bank teller handed the defendant DARRYL ALLEN
approximately $2,309.00 in United States currency. The defendant
DARRYL ALLEN then left the bank; as the defendant DARRYL ALLEN
left the bank he dropped his maroon baseball hat. Once the
defendant DARRYL ALLEN left the bank, the bank teller sounded the
bank's hold-up alarm.

5

6.    The bank teller described the defendant DARRYL
ALLEN as a male black, 35-45 years old, approximately 5'5" tall,
approximately 160 pounds, wearing a maroon baseball hat, maroon
polo shirt, blue jeans, dark sunglasses, black bag, and scotch
tape on his fingertips.

7.    The Office of the Chief Medical Examiner ("OCME")
received the two hats dropped by the defendant DARRYL ALLEN when
he left the bank.  A DNA analyst analyzed the these hats for DNA.
The DNA analyst was able to obtain DNA samples from both hats.
Those samples were placed in a database for a search, at which
point they matched the defendant DARRYL ALLEN's DNA.   The
defendant DARRYL ALLEN's DNA is on file from a previous arrest.
The defendant's criminal history records reflect that the
defendant's date of birth is in 1964 and that the defendant is
5'4" and 150 pounds.

8.    The New York City Police Department, Police
Laboratory, Criminalistics Section received the pieces of paper
the defendant DARRYL ALLEN gave the bank teller.  A handwriting
expert of this unit analyzed these notes and determined that they
were "associated to a common source."  "Associated to a common
source" refers to a connection between two or more questioned
robbery demand notes which exhibit similarities in verbiage,
letter formation, arrangement, alignment or other individual
feature.

6

9.    Surveillance video was obtained from both May 18, 2012 and June 22, 2012 robberies.  After reviewing the video, the person depicted in the video generally matches that of the defendant DARRYL ALLEN.

10.    The deposits of Chase Bank are insured by the Federal Deposit Insurance Corporation.

WHEREFORE, your deponent respectfully requests that the defendant DARRYL ALLEN be dealt with according to law.


KEVIN PONDER
Special Agent
Federal Bureau of Investigation

Sworn to before me this
17th day of October 2012


THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

EK:CMM
F#:2012R01619

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - against -

DARRYL ALLEN,

                Defendant.

- - - - - - - - - - - - - - - - - x

I N D I C T M E N T

CR 12 - 0693

(T. 18, U.S.C., §§
981(a)(1)(C), 2113(a),
2113(d) and
3551 et seq.; T. 21,
U.S.C., § 853(p);
T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

GLASSER. J.

COUNT ONE
(Bank Robbery)

     1.    On or about May 18, 2012, within the Eastern
District of New York, the defendant DARRYL ALLEN did knowingly
and intentionally take by force, violence and intimidation, from
the person and presence of employees of Chase Bank, 68-20
Rockaway Beach Boulevard, Queens, New York, money in the care,
custody, control, management and possession of such bank, the
deposits of which were then and there insured by the Federal
Deposit Insurance Corporation.

     (Title 18, United States Code, Sections 2113(a) and
3551 et seq.)

## COUNT TWO
(Bank Robbery)

2.   On or about June 22, 2012, within the Eastern

District of New York, the defendant DARRYL ALLEN did knowingly

and intentionally take by force, violence and intimidation, from

the person and presence of employees of Chase Bank, 68-20

Rockaway Boulevard, Queens, New York, money in the care,

custody, control, management and possession of such bank, the

deposits of which were then and there insured by the Federal

Deposit Insurance Corporation, and in committing such offense

did assault and put in jeopardy the lives of persons inside such

bank by the use of a dangerous weapon and device, to wit:  an

object that appeared to be a firearm.

(Title 18, United States Code, Sections 2113(a),

2113(d) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

3.   The United States hereby gives notice to the

defendant that, upon his conviction of either of the offenses

charged in Counts One or Two, the government will seek

forfeiture in accordance with Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section

2461(c), which require the forfeiture of any property

constituting or derived from proceeds obtained directly or

indirectly as a result of such offenses.

2

4.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due

diligence;

b.    has been transferred or sold to, or

deposited with, a third party;

c.    has been placed beyond the jurisdiction of

the court;

d.    has been substantially diminished in value;

or

e.    has been commingled with other property

which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c), to seek forfeiture of any

3

other property of the defendant up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C);

Title 21, United States Code, Section 853(p); Title 28, United

States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

4

F. #2012R01619

No. ___

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*– against –*

*DARRYL ALLEN*

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 2113(a), 2113(d) and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

_____

*Catherine M. Mirabile, Assistant U.S. Attorney (718-254-6055)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK **13 MISC 312**

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION            :
OF THE UNITED STATES OF AMERICA            :    ORDER
FOR AN ORDER AUTHORIZING THE RELEASE       :    OF AUTHORIZATION
OF HISTORICAL CELL-SITE INFORMATION        :
- - - - - - - - - - - - - - - - - - - - x

         This matter having come before the Court pursuant to an

application by Assistant United States Attorney Catherine M.

Mirabile, an attorney for the Government as defined by Rule

1(b)(1) of the Federal Rules of Criminal Procedure and a duly-

authorized representative of a "governmental entity" under 18

U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C.

§ 2703(c)(1) and (d), directing that within seven days Metro PCS

(the "service provider") disclose recorded information

identifying the base station towers and sectors that received

transmissions from 347-666-8140, a telephone issued by the

service provider and used by an individual named Darryl Allen

(the "SUBJECT TELEPHONE"), at the beginning and the end of calls

or text message transmissions, and the mobile switching center

serving the SUBJECT TELEPHONE during any calls or text message

transmissions, for the periods from May 17-19, 2012, June 21-23,

2012 and July 15-17, 2012 (collectively, "the HISTORICAL CELL-

SITE INFORMATION");

         UPON REVIEW OF THE APPLICATION, THE COURT HEREBY

FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including bank robbery in violation of 18 U.S.C. §§ 2113(a) and (3), being conducted by the Federal Bureau of Investigation (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the periods from May 17-19, 2012, June 21-23, 2012, and July 15-17, 2012;

Dated:     Brooklyn, New York
           April 10, 2013

HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# 13 MISC 312

- - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :          ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :          SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - -x

WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§ 2703(c)(1) and (d), directing that within seven days Metro PCS

(the "service provider") disclose recorded information

identifying the base station towers and sectors that received



            from 347-666-8140, a telephone issued by the

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**13 MISC 312**

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :     ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE     :     SERVICE PROVIDER
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§ 2703(c)(1) and (d), directing that within seven days Metro PCS

(the "service provider") disclose recorded information

identifying the base station towers and sectors that received

transmissions from 347-666-8140, a telephone issued by the

service provider and used by an individual named Darryl Allen

(the ""SUBJECT TELEPHONE"), at the beginning and the end of calls

or text message transmissions, and the mobile switching center

serving the SUBJECT TELEPHONE during any calls or text message

transmissions, for the periods from May 17-19, 2012, June 21-23,

2012, and July 15-17, 2012 (collectively, "the HISTORICAL CELL-

SITE INFORMATION")

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d),

that the service provider shall supply within seven days the

HISTORICAL CELL-SITE INFORMATION for the period from  May 17-19, 2012, June 21-23, 2012, and July 15-17, 2012.

Dated:     Brooklyn, New York
           April 10, 2013

           HONORABLE ROBERT M. LEVY
           UNITED STATES MAGISTRATE JUDGE
           EASTERN DISTRICT OF NEW YORK

2